# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WINSTON HINDS, | : | Civil No. 3:17-cv-488 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| HOWARD L. HUFFORD, WARDEN,[1] | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Winston Hinds ("Hinds"), an inmate currently confined at the Schuylkill Federal Prison Camp, in Minersville, Pennsylvania. (Doc. 1). In the habeas petition, Hinds challenges the General Counsel's alleged failure to respond to an administrative remedy appeal. (*Id.* at p. 2). The petition is ripe for disposition and, for the reasons that follow, will be dismissed for lack of jurisdiction.

## I. Background

A review of Hinds' administrative remedies reveals that he filed five administrative remedies from February 13, 2015, through March 20, 2017, the date he filed the instant petition. (Doc. 8-1, pp. 3-5, Declaration of Matthew Lavelle, BOP Attorney, ("Lavelle Decl.")

---

[1] The proper respondent in a federal habeas corpus action is the applicant's custodial official. *See* 28 U.S.C. § 2243, R. GOVERNING § 2254 CASES R. 2(a). Hence, Howard L. Hufford, Warden of the Schuylkill Federal Prison Camp, is the proper respondent in this action, and the Clerk of Court will be directed to substitute Howard L. Hufford, Warden, as the sole respondent.

¶ 9). The remedies relate to the Residential Drug Abuse Program ("RDAP").[2] (*Id.*).

On December 24, 2015, Hinds filed administrative remedy 846626-F1 regarding an RDAP denial. (*Id.* at ¶ 10; Doc. 8-1, p. 8, Administrative Remedy Generalized Retrieval). This remedy was rejected and Hinds was instructed to resubmit his appeal in proper form. (*Id.*). On December 31, 2015, Hinds filed administrative remedy 846626-F2 regarding an RDAP denial. (Lavelle Decl. ¶ 11; Doc. 8-1, p. 8, Administrative Remedy Generalized Retrieval). This remedy was denied, and Hinds was instructed to file an appeal to the Northeast Regional Office. (*Id.*).

On February 1, 2016, Hinds appealed the institutional denial of 846626-F2 to the Northeast Regional Office, designated as administrative remedy 846626-R1. (Lavelle Decl. ¶ 12; Doc. 8-1, p. 9, Administrative Remedy Generalized Retrieval). This remedy was rejected as not legible, and Hinds was instructed to re-file the remedy. (*Id.*).

On February 10, 2016, Hinds filed administrative remedy 846626-R2 appealing the institutional denial of 846626-F2. (Lavelle Decl. ¶ 13; Doc. 8-1, p. 9, Administrative Remedy Generalized Retrieval). On March 10, 2016, the regional director denied the remedy and instructed Hinds to file an appeal to the BOP's Central Office. (*Id.*; Doc. 4, p. 4).

On March 28, 2016, Hinds filed administrative remedy 846626-A1 appealing the regional denial of 846626-R2. (Lavelle Decl. ¶ 14; Doc. 8-1, p. 10, Administrative Remedy

---

[2] The RDAP is one of the drug abuse treatment programs offered to inmates by the Federal Bureau of Prisons ("BOP"). 28 C.F.R. § 550.53.

Generalized Retrieval). On April 11, 2016, the Central Office rejected the appeal. (*Id.*; Doc. 4, p.5). Hinds was advised that the remedy was in improper form and he was instructed to re-file the remedy in proper form. (*Id.*).

There is no record that Hinds continued with remedy 846626. (Lavelle Decl. ¶ 15). The BOP Central Office has no record that Hinds attempted to re-file administrative remedy 846626. (Lavelle Decl. ¶ 16; Administrative Remedy Generalized Retrieval). Additionally, the Central Office does not have any record of correspondence from Hinds. (Lavelle Decl. ¶ 16). If Hinds filed administrative remedy 846626 at the Central Office level, it would have been logged into BOP's database, and Hinds would have received a notice of receipt with an anticipated response date. (Lavelle Decl. ¶ 17).

The instant petition was filed on March 20, 2017. (Doc. 1).

## II. <u>Discussion</u>

### A. Failure to State a Cognizable Claim under 28 U.S.C. § 2241

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were

3

found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

In the case at bar, Hinds does not challenge the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. Careful review of the petition reveals that Hinds is complaining about the General Counsel's alleged failure to respond to an administrative appeal. This claim is not cognizable in a federal habeas action. Hinds does not allege that the General Counsel's purported failure to respond impacts the fact or length of his sentence. Rather, he expresses general dissatisfaction with the delayed response from the General Counsel. Because Hinds' complaint regarding the administrative remedy program does not affect the length of his sentence or the duration of his confinement, it is not proper claim in a habeas petition brought under 28 U.S.C. § 2241. Consequently, the petition will be dismissed for lack of jurisdiction.

B.  **Exhaustion of Administrative Review**

In the alternative, Respondents argue that, should the Court find that Hinds' claim is cognizable, the petition should nevertheless be dismissed for failure to exhaust administrative remedies.

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm");

5

*Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury"). The exhaustion requirement has been applied to claims regarding a prisoner's eligibility to receive a sentence reduction under the RDAP in 18 U.S.C. § 3621. *See Campbell v. Yost*, No. 07-0168, 2008 WL 2316556, at *2 (W.D. Pa. June 4, 2008) (citing *Beckley v. Miner*, 125 F. App'x 385, 389 (3d Cir. 2005); *Rosenfeld v. Samuels*, No. 07-2907, 2008 WL 819630, at *1 (D.N.J. Mar. 26, 2008)).

In general, the BOP's Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. §§ 542.10-542.19. The inmate first must attempt to informally resolve his issue with the institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, the inmate then may submit a formal Administrative Remedy Request on the appropriate BP-9 form within twenty calendar days following the date for which the basis for the request occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the warden's response to his Administrative Remedy Request, he may submit an appeal on the BP-10 form to the appropriate Regional Director within twenty calendar days of the date the warden signed the response. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, a Central Office Appeal may then be filed with the BOP's Office of General Counsel. 28 C.F.R. § 542.15(a). This is

the inmate's final available administrative appeal.

An examination of the Bureau of Prisons' SENTRY system reveals that Hinds filed a total of five administrative remedies during the relevant time period and each remedy related to the RDAP. (Lavelle Decl. ¶¶ 9-14; Doc. 8-1, pp. 7-10, Administrative Remedy Generalized Retrieval). Hinds filed two remedies at the institutional level, two at the regional level, and one remedy at the Central Office which was rejected with instructions to re-file in proper form. (*Id.*). The BOP Central Office has no record that Hinds attempted to re-file administrative remedy 846626. (Lavelle Decl. ¶ 16; Administrative Remedy Generalized Retrieval). Additionally, the Bureau of Prisons' database has no entry pertaining to an appeal of administrative remedy 846626 at the Central Office level. (Lavelle Decl. ¶ 17). Hinds has not submitted any copies of an appeal to the Central Office level. However, Hinds has submitted two emails he sent to the Office of the General Counsel referencing an appeal of administrative remedy 846626 that he purportedly filed on April 19, 2016. (Doc. 4, pp. 2-3). Based upon the evidence, the Court finds that Hinds may have attempted to re-file administrative remedy 846626 as directed by the Central Office, and may have been prevented or hindered from pursing administrative remedies. *See, Todd v. Benning*, 173 F. App'x 980, 982-83 (3d Cir. 2006) (expressing approval of the Eighth Circuit's holding in *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001) that administrative remedies were not available where prison officials "purportedly prevented prisoner from

employing the prison's grievance system"); *Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000) (finding that administrative remedies were unavailable where prison officials refused to file inmate's grievances). Consequently, the Court will deny Respondent's request to dismiss the petition based on failure to exhaust administrative remedies.

## III. Conclusion

Based on the foregoing, the instant petition for writ of habeas corpus will be dismissed for lack of jurisdiction. A separate order shall issue.

Date: December 12, 2017

Robert D. Mariani
United States District Judge